Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
Andres Navarro (SBN 358499)
anavarro@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLD VALUE INTERNATIONAL TEXTILE, INC., a California corporation, individually and doing business as "FIESTA FABRIC,"<br><br>Plaintiff,<br><br>v.<br><br>OPERA KANG SOO CHANG, INC., a California Corporation; ALICE IN WONDERLAND FROCKS, INC., a Massachusetts corporation; and DOES 1-10,<br><br>Defendants. | Case No.<br><br>**PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff GOLD VALUE INTERNATIONAL TEXTILE, INC., individually and doing business as "FIESTA FABRIC" (collectively "FIESTA"), hereby prays to this Court for relief based on the following:

## JURISDICTION AND VENUE

1.   This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

1
COMPLAINT

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff FIESTA is a California corporation.

5. Upon information and belief, Defendant OPERA KANG SOO CHANG, INC. dba "Honey Punch" is a California corporation with a principal place of business located at 1535 Rio Vista Ave, Los Angeles, CA 90023. The RN number assigned to Honey Punch by the Federal Trade Commission ("FTC") to identify goods emanating from Honey Punch is 139726.

6. Upon information and belief, Defendant ALICE IN WONDERLAND FROCKS, INC. ("Alice") is a Massachusetts corporation with a principal place of business at 50 Prospect St. in New Bedford, MA 02748, and is doing business in and with California. The RN number assigned to Alice by the FTC to identify goods emanating from Alice is 18185.

7. Upon information and belief, Defendants Does 1-10 are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of Defendants 1-10, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

8. Upon information and belief, at all times relevant hereto, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and

actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## DEFENDANTS' UNAUTHORIZED EXPLOITATION OF THE SUBJECT DESIGNS

9. Prior to the conduct complained of herein, Plaintiff composed three original two-dimensional artworks for purposes of textile printing that are registered with the U.S. Copyright Office (the "Subject Designs").

10. Subject Designs are an original creation of Plaintiff and Plaintiff's design team, and are, and have been at all relevant times, owned by Plaintiff.

11. Prior to the infringement alleged herein, Plaintiff sampled and sold fabric bearing the Subject Designs to numerous parties in the fashion and apparel industries.

12. Upon information and belief, without Plaintiff's authorization, Defendants, and each of them, created, manufactured, caused to be manufactured, distributed, offered for sale, and/or sold garments comprised of fabric featuring designs that are strikingly and/or substantially similar to the Subject Designs.

13. Comparison of the Subject Designs and offending garments are set forth below:

| SUBJECT DESIGNS | OFFENDING GARMENTS |
|---|---|
| CA-407 | |
|  |  |
| Detail | Detail |

| SUBJECT DESIGNS | OFFENDING GARMENTS |
|---|---|
|  |  |
| 170133C  |  |





14. The above comparisons of the Subject Design and Accused Products demonstrates that the elements, composition, colors, arrangement, layout, and appearance of the designs at issue are substantially and/or strikingly similar.

## FIRST CLAIM FOR RELIEF

**(For Copyright Infringement – Against all Defendants, and Each)**

15. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

16. Upon information and belief, Defendants, and each of them, had access to Subject Designs, including through (a) access to Plaintiff's showroom and/or design library; (b) access to unauthorized copies of the Subject Design by third-party vendors and/or DOE Defendants, including converters and printing mills; (c) access to Plaintiff's strike-offs and samples; (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Designs by Plaintiff for its customers; and/or (e) because the Subject Designs and the designs on the Offending Garments are strikingly similar.

17. Upon information and belief, one or more of the Defendants manufactures garments and/or is a garment vendor; said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them; and said Defendant(s) supplied garments to said Defendant retailers composed of fabric bearing an unauthorized reproduction of the Subject Designs and/or infringing derivatives thereof.

18. Defendants, and each of them, created, manufactured, caused to be manufactured, distributed, offered for sale, and/or sold garments that infringe Plaintiff's copyrights in the Subject Designs through retail stores, catalogues, and/or websites.

19. Due to Defendants' acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

20. Due to Defendants' acts of infringement, Defendants, and each of them, have obtained profits they would not have realized but for their infringement.

As such, Plaintiff is entitled to disgorgement of Defendant's profits attributable to Defendant's infringement in an amount to be established at trial.

21. Upon information and belief, Defendants, and each of them, committed acts of infringement with actual or constructive knowledge of, and/or reckless disregard or willful blindness for, Plaintiff's rights in the Subject Design, such that said acts were willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a. That Defendants, their agents, and/or anyone else working in concert with Defendants and their agents, be enjoined from infringing Plaintiff's copyrights in any manner and from further creating, manufacturing, causing to be manufactured, distributing, offering for sale, and/or selling the Accused Products;

b. That Plaintiff be awarded all Defendants' profits, plus all Plaintiff's losses, attributable to Defendants' infringement, the exact sum to be proven at the time of trial; or alternatively, if elected, statutory damages as available under 17 U.S.C. § 504;

c. That Plaintiff be awarded its fees as available under 17 U.S.C. § 505;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: September 11, 2025        By: */s/ Trevor W. Barrett*
                                       Trevor W. Barrett, Esq.

Benjamin F. Tookey, Esq.
Andres Navarro, Esq.
DONIGER / BURROUGHS
*Attorneys for Plaintiff*